UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ETHAN W. MOORE,

        Petitioner,

        Case No. 20-cv-489-pp

v.

STATE OF WISCONSIN,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION AS SECOND OR SUCCESSIVE (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On March 26, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2016 conviction in Kenosha County Circuit Court for operating while intoxicated. Dkt. No. 1; see also State v. Moore, 13CT000660 (available at https://wcca.wicourts.gov). He has not paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, dismisses it as an unauthorized second or successive petition, declines to issue a certificate of appealability and dismisses the case.

**I.    Background**

    A.    <u>Underlying State Case</u>

On December 2, 2013, the State of Wisconsin filed a criminal complaint in Kenosha County Circuit charging the petitioner with three counts of bail

jumping, two counts of battery and one count of disorderly conduct. State v. Moore, Kenosha County Case No. 13CM001815 (available at https://wcca.wicourts.gov). Four months earlier, the State had filed a criminal complaint in Kenosha County Circuit Court charging the petitioner with operating while intoxicated as a third offense. State v. Moore, Kenosha County Case No. 13CT000660 (available at https://wcca.wicourts.gov). The circuit court held a suppression hearing on November 13, 2014, at which the petitioner appeared with Attorney Joseph Easton. Id. At the conclusion of the hearing, the circuit court denied the petitioner's motion to suppress blood draw evidence. Id. At a subsequent hearing on February 18, 2015, the circuit court denied the petitioner's motion to suppress the affidavit underlying a search warrant. Id. A week later, Attorney Easton moved to withdraw as the petitioner's counsel. Id. On April 30, 2015, the court held a hearing and granted Attorney Easton's motion. Id. On May 26, 2015, the petitioner appeared in court with Attorney Carl Johnson. Id. A week later, the court appointed Attorney Gregory Bates as the petitioner's counsel. Id. On September 2, 2015, the petitioner appeared in court with Attorney Brenda VanCuick. Id.

On June 6, 2016, the petitioner entered no-contest pleas to one count of bail jumping in 13CM001815 and to one count of operating while intoxicated in 13CT000660; the court accepted his pleas and found him guilty. Id., State v. Moore, Kenosha County Case No. 13CM001815 (available at https://wcca.wicourts.gov). In Case No. 13CM001815, the court sentenced the petitioner to eight months in jail beginning that day. Dkt. No. 1-1 at 2. In Case

No. 13CT000660, the court withheld sentence, placed the petitioner on two years of probation consecutive to the sentence in imposed in Case No. 13CM001815, revoked the petitioner's driving privileges for thirty months, ordered an ignition interlock and imposed an alcohol assessment. Dkt. No. 1-1 at 3; see also State v. Moore, Kenosha County Case No. 13CT000660 (available at https://wcca.wicourts.gov). The clerk entered judgment the same day. State v. Moore, Kenosha County Case No. 13CT000660 (available at https://wcca.wicourts.gov). Three days later, the petitioner filed a notice of intent to pursue postconviction relief. Id. On January 23, 2017, the court appointed Attorney Kyle Lawrence as the petitioner's counsel. Id. Six weeks later, the court appointed Attorney Don Bielski as the petitioner's counsel. Id.

    B.    Moore v. Peterson, Case No. 15-cv-936-NJ

On August 4, 2015—ten months before the petitioner entered his guilty pleas in state court—the petitioner filed a *pro se* complaint under 42 U.S.C. §1983 alleging that a hospital, doctors, nurses, employees and other staff violated his Fourth and Eighth Amendment rights by conducting a non-consensual blood draw. Moore v. Peterson, *et al.*, Case No. 15-cv-936-NJ (E.D. Wis.), Dkt. No. 1. On December 1, 2016, Magistrate Judge Nancy Joseph granted the defendants' motion for summary judgment and dismissed the case. Dkt. No. 63 at 12.

    C.    Moore v. Yestes, Case No. 17-cv-817-JPS

On June 12, 2017, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his convictions in Case Nos.

13CT000660 and 13CM001815. Moore v. Yestes, et al., Case No. 17-cv-817 (E.D. Wis.), Dkt. No. 1. On August 24, 2017, Magistrate Judge David Jones recommended that Judge J.P. Stadtmueller dismiss the petition without prejudice. Dkt. No. 5. Judge Jones found that the petition was "incomplete" because the petitioner indicated that his appeal of his convictions remained pending. Id. at 1-2. Judge Jones concluded that the petitioner "ha[d] not exhausted his available state court remedies." Id. at 2. On September 12, 2017, Judge Stadtmueller adopted Judge Jones's recommendation and dismissed the case without prejudice. Dkt. No. 6.

     D.     Moore v. State of Wisconsin, Case No. 19-cv-124-JPS

On January 22, 2019, the petitioner filed a *pro se* complaint under 42 U.S.C. §1983 seeking damages, reinstatement of his driver's license and an order "overturning the judge's, ruling or decision, as a conviction," in Case No. 13CT000660. Moore v. State of Wisconsin, et al., Case No. 19-cv-124 (E.D. Wis.), Dkt. No. 1 at 1. The petitioner alleged that the drawing of his blood without his consent violated his rights under the Fourth, Sixth, Eighth and Fourteenth Amendments. On August 16, 2019, Judge Stadtmueller dismissed the case without prejudice. Dkt. No. 7 at 9. Judge Stadtmueller found that

> [t]he primary relief sought in this case—a reversal of the plea, a reinstatement of his driver's license, and a trial by jury in 13CT660—is bound up in the validity of the OWI conviction, and "challenges the fact" of Plaintiff's sentence in that case. Plaintiff may only challenge this conviction by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which cannot be brought as a Section 1983 lawsuit.

4

Id. at 5. In a footnote, however, Judge Stadtmueller expressed a question about whether this particular petitioner could seek relief through a *habeas* petition:

> There is a question as to whether habeas relief is available to Plaintiff. He is not incarcerated, but an individual on probation or parole will satisfy the custody requirement. *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (discussing parole); *Caldwell v. Dretke*, 429 F.3d 521, 527–28 (5th Cir. 2005); *cert denied* 549 U.S. 970 (2006) (discussing probation). It appears that a two-year term of probation was imposed on Plaintiff in 13CT660, with no beginning date, to run consecutive to the probation date imposed in Kenosha County Case Number 13CT1815. See "Kenosha County Case Number 2013CT000660 State of Wisconsin v. Ethan W. Moore," Wis. Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2013CT000660&countyNo=30&index=0&mode=details (accessed Aug. 15, 2019). It is unclear, from the docket, whether this term of probation is ongoing. Additionally, in 13CT660, Plaintiff was sentenced to a 30-month driver's license revocation, beginning on June 6, 2016. *Id.* That revocation period would have ended around December 2018, shortly before this case was filed. Apparently, Plaintiff's license was not reinstated, which catalyzed the instant lawsuit in federal court.

Id. at 6.

Finding that the relief the petitioner requested in the §1983 lawsuit necessarily implicated the invalidity of his criminal convictions and sentences, Judge Stadtmueller denied the petitioner's §1983 claim under Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 6.

  E. Moore v. State of Wisconsin, Case No. 19-cv-1354-WED

A month after Judge Stadtmueller dismissed Case No. 19-cv-124, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his conviction in Case No. 13CT000660. Moore v. State of Wisconsin, Case No. 19-cv-1354 (E.D. Wis.), Dkt. No. 1. Concluding that the petitioner failed to satisfy the "in custody" requirement for filing a *habeas*

5

petition, Magistrate Judge William Duffin dismissed the petition on November 6, 2019. Dkt. No. 11 at 3. Judge Duffin reasoned that (1) because the record reflected that the thirty-month suspension of the petitioner's driver's license began on June 6, 2016, the suspension appeared to be over, and (2) even if the petitioner's driving privileges remained suspended, "a suspended or revoked driver's license does not constitute 'custody' for the purposes of federal habeas corpus." Id. (citing Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008)). Over the next month, Judge Duffin denied the petitioner's motions to alter judgment, dkt. no. 14, and "to Revisit his Habeas Court proceeding. In relation to Habeas court's can only grant Habeas relief Petition in 'custody,'" dkt. no. 16.

    F.    Moore v. Kenosha Cty. Detention Center, Case No. 20-cv-107-LA

On January 24, 2020, the petitioner filed a *pro se* complaint under 42 U.S.C. §1983 in relation to Case No. 13CT000660, seeking money damages and reinstatement of his driver's license. Moore v. Kenosha County Detention Center, *et al.*, Case No. 20-cv-107 (E.D. Wis.), Dkt. No. 1. On January 27, 2020, Judge Joseph recommended that Judge Lynn Adelman dismiss the case as frivolous, finding it "clear that [the petitioner's] complaint under § 1983 is baseless." Dkt. No. 5 at 5. Judge Joseph also recommended that the petitioner "be warned that continuing to file lawsuits raising this same issue may result in the imposition of sanctions." Id. Judge Joseph stated that the suit constituted the petitioner's "third attempt to obtain damages stemming from

6

this conviction." Id. at 3. Referencing her prior decision dismissing Case No. 15-cv-936, Judge Joseph concluded that

> [i]n that case, Moore similarly challenged the alleged warrantless blood draw. The crux of Moore's argument in that case, as in this case, was that the warrant signed by Kenosha County Circuit Court Judge Bastianelli was signed at 3:40 a.m., while the blood draw took place at 3:33 a.m. (Docket # 1-1 in Case No. 20-CV-107 and Docket # 63 in Case No. 15-CV-936.) However, I found that the undisputed evidence showed that Judge Bastianelli actually signed the warrant at 3:04 a.m. and accidentally transposed the "4" and "0" on the warrant. (Docket # 63 at 5–6.) Moore conceded that if the warrant was signed prior to the blood draw, there would be no constitutional violation. (Id. at 5.) Judgment was entered in the defendants' favor and Moore's case was dismissed. To the extent Moore disagreed with my decision dismissing his alleged Fourth Amendment violation under § 1983, the proper remedy was to file an appeal. The issue was decided on the merits and Moore cannot now raise the issue again.

Id. at 4.

Reviewing Judge Joseph's report and recommendation *de novo*, Judge Adelman dismissed the case as frivolous on March 17, 2020. Dkt. No. 8.

G.     Moore v. State of Wisconsin, Case No. 20-cv-364-LA

On March 5, 2020, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 seeking the reinstatement of his driver's license. Moore v. State of Wisconsin, Case No. 20-cv-364 (E.D. Wis.), Dkt. No. 1. The next day, Judge Adelman summarily dismissed the petition. Dkt. No. 3 at 2. Judge Adelman based that decision on the facts that (1) the petition was a second or successive petition under 28 U.S.C. §2244(b), and (2) because the petitioner was not "in custody," the petition did not state a cognizable claim for relief. Id. (citing Virsnieks, 521 F.3d at 718).

7

H. Instant Case

Three weeks later, on March 26, 2020, the petitioner filed the instant federal *habeas* petition. Moore v. State of Wisconsin, Case No. 20-cv-489 (E.D. Wis.), Dkt. No. 1. Instead of using the court's form petition, the petitioner appears to have handwritten the entire petition. Id. The petition states that "[t]his collateral attack motion wishes to attack the validity of this conviction, and the wrongful withholding of driving license in case # 13-CT-660. Pursuant to 4th, 5th, 6th, 8th, 14th Amendment." Id. at 1. The petitioner argues that during his state-court proceedings, his various attorneys provided ineffective assistance of counsel. Id. at 2-4 (citing Strickland v. Washington, 466 U.S. 668 (1984)).

**II. Analysis**

The court usually must "screen" a §2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, which states that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A district court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, a district court expresses no view as to the merits of any of the petitioner's claims. Rather, it reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

8

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a district court is not required to screen certain petitions. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus.* 28 U.S.C. §2244(a). AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack

9

v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

In Case No. 19-cv-1354, the petitioner challenged his conviction in Case No. 13CT000660 through a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Moore v. State of Wisconsin, Case No. 19-cv-1354, Dkt. No. 1. Judge Duffin concluded that the petitioner failed to satisfy the "in custody" requirement for filing a *habeas* petition, dismissed the petition and denied a certificate of appealability. Dkt. No. 11. In Case No. 20-cv-364, the petitioner challenged for a second time his conviction in Case No. 13CT000660 through a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Moore v. State of Wisconsin, Case No. 20-cv-364, Dkt. No. 1. Judge Adelman summarily dismissed that petition, finding that (1) it was second or successive, and (2) it failed to state a cognizable *habeas* claim because the petitioner failed to satisfy the "in custody" requirement for filing a *habeas* petition. Dkt. No. 3. This is the petitioner's *third* petition challenging his conviction in Case No. 13CF000660, making it a "successive" petition. The petitioner has not provided the court with evidence that the Seventh Circuit Court of Appeals authorized him to file a successive petition, which means that this court has no jurisdiction to consider it. The court also notes, as did Judges Duffin and Adelman, that it does not

appear that the petitioner is in custody, which means that he is not eligible for *habeas corpus* relief.

In the last six years, the petitioner has filed four federal *habeas* petitions and three §1983 civil rights cases, all seeking to overturn some portions of his convictions and sentences in Case Nos. 13CT000660 and 13CM001815. Judge Joseph recommended in Case No. 20-cv-107 that Judge Adelman warn the petitioner that filing further lawsuits based on the same issues could result in sanctions. This court will take Judge Joseph's advice.

The court warns the plaintiff that if he files another lawsuit under 42 U.S.C. §1983, or another *habeas* petition under 28 U.S.C. §2254, seeking damages or reinstatement of his license relating to Case Nos. 13CT000660 and 13CM001815, the court may impose sanctions against him for frivolous filings. Such sanctions may include, but are not limited to, monetary penalties (fines) and an order barring the petitioner from further filings in the Eastern District of Wisconsin for a specified period.

### III.   Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a

11

different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted). The court declines to issue a certificate of appealability, because it finds that reasonable jurists could not debate that the petition is a second or successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

**IV. Conclusion**

The court **DISMISSES** the petition for writ of *habeas corpus* as successive and frivolous. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of April, 2021.

                                                  **BY THE COURT:**

                                                  **HON. PAMELA PEPPER**
                                                  **Chief United States District Judge**